UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| HARRY JAMES COBB, JR., ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 16-134-DCR |
| ) | |
| V. ) | |
| ) | |
| SANDRA BUTLER, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Harry James Cobb, Jr., is a former inmate of the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Cobb filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that the Bureau of Prisons' decision to transfer him to a halfway house only two months before his release date was inconsistent with the factors identified in 18 U.S.C. § 3621(b). Cobb indicated that, before he filed his petition, he filed a grievance with the warden and that his appeal to the BOP's regional office was denied. Cobb states that he did not file an appeal to the BOP's central office of inmate appeals, asking the Court to accept his prediction that such an appeal would be futile. [Record No. 1]

The Court has conducted its initial review of Cobb's petition pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). However, the petition will be denied because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules

Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

First, prisoners must fully exhaust all available administrative remedies prior to seeking habeas relief. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Cobb readily acknowledges he has not do so here. [Record No. 1 at 8-9] However, he asks the Court to excuse that failure, contending that further appeals would be "futile" based upon his belief that the BOP would adhere to its prior conclusions. But a court should waive the exhaustion requirement as being futile only where there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689-90 (E.D. Ky. 2004) (*citing James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987). Cobb offers only his belief (not evidence) in support of his argument that the BOP would certainly not reach a different conclusion on appeal to the national office. This belief, however, is insufficient to establish adequate grounds to invoke the futility exception. *McKart v. United States*, 395 U.S. 185, 200 (1969); *Sommerville v. Dewalt*, No. 09-68, 2009 WL 1211158, at *3 (E.D. Ky. May 1, 2009).

Second, Cobb's assertion that the BOP's placement decision is contrary to 18 U.S.C. § 3621(b) suggests, at most, a claim that its decision was "arbitrary and capricious" in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A)-(C). However, the BOP's determinations regarding halfway house placement are expressly insulated from

judicial review under the APA. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

Finally, the BOP's online Inmate Locator Database indicates that Cobb has already been released from prison and transferred to a halfway house in the Atlanta, Georgia area, and that he will be released from that facility on December 16, 2016. See https://www.bop.gov/inmateloc/ (last visited on December 14, 2016). Cobb's release from incarceration to a halfway house renders his claim seeking an earlier placement moot. *Miller v. Whitehead*, 527 F. 3d 752, 756 (8th Cir. 2008); *Zomber v. Stine*, No. 7: 07-402-DCR, 2008 WL 1735169, at *2 (E.D. Ky. Apr. 11, 2008) ("The Sixth Circuit has ruled that a prisoner's placement in a RRC during the pendency of a habeas corpus petition seeking earlier placement renders the petition moot, and also falls outside the exception to mootness for cases 'capable of repetition, yet evading review.'") (citing *Brock v. United States Dept. of Justice*, 2007 WL 4163854, at *2 n.3 (6th Cir. 2007)). Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Cobb's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 15th day of December, 2016.



Signed By:
*Danny C. Reeves*   DCR
United States District Judge